UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**                                    **JS-6**

| Case No. | CV 07-6571 CAS (FFMx) | Date | August 18, 2008 |
|----------|----------------------|------|-----------------|
| Title | George McCalip, Trustee v. Susan Lee, Revenue Agent, et al. | | |


| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| CATHERINE JEANG | | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|


**Proceedings:**   DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO
PETITION TO QUASH SUMMONSES, DEMAND FOR A BILL
OF PARTICULARS, REQUEST FOR INJUNCTION, AND
CLAIM FOR PERSONAL DAMAGES (filed 3/07/08)

PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT
ENTERED 15 MAY 2008 (filed 5/29/08 without a hearing date)

## I.    INTRODUCTION

On November 7, 2007, plaintiff George McCalip, as trustee for the Kenzington
Fund Irrevocable Trust (the "Trust"), filed the instant suit against defendants Susan Lee,
an employee of the Internal Revenue Service (the "IRS"), and Does 1-10.  Plaintiff
alleges that Lee issued a third-party summons to Wells Fargo Bank, N.A. ("Wells
Fargo"), seeking records pertaining to the Trust.  Plaintiff seeks to quash the summons to
Wells Fargo.  Plaintiff further requests injunctive relief, damages, and a bill of
particulars.

On March 7, 2008, defendant Lee filed the present motion to dismiss under Fed. R.
Civ. P. 12(b)(6), among other grounds.  Plaintiff filed his opposition thereto on April 30,
2008.  On May 8, 2008, defendant Lee filed her reply.  On May 14, 2008, the Court
admonished plaintiff that he had thirty days to retain counsel because he could not file an
action pro se on behalf of a trust and that failure to do so may result in the dismissal of
his action. On May 29, 2008, plaintiff filed a motion to alter or amend the judgment
entered on May 15, 2008, arguing that he is suing in his individual capacity.

Defendant Lee's motion to dismiss and plaintiff's motion to alter or amend the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**                    **JS-6**

| Case No. | CV 07-6571 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | George McCalip, Trustee v. Susan Lee, Revenue Agent, et al. | | |

judgment entered May 15, 2008 are presently before the court.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**                         **JS-6**

| Case No. | CV 07-6571 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | George McCalip, Trustee v. Susan Lee, Revenue Agent, et al. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    DISCUSSION

### A.    Plaintiff cannot Appear Pro Se on behalf of the Trust

Defendant Lee argues that the petition to quash should be dismissed because plaintiff cannot appear pro se on behalf of the Trust.  Plaintiff responds that because the Trust owns no property, there is no Trust beneficiary.  Plaintiff consequently argues that all Trust rights are owned by him as an individual.  Plaintiff further argues that the while he has filed his claims as "George McCalip, Trustee," this does not prevent him from pursuing remedies in his personal capacity.

Plaintiff's contention that he is suing in his personal capacity is unpersuasive.  A non-attorney may not file an action pro se on behalf of a trust.  C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  In his opposition to defendant Lee's motion to dismiss, plaintiff states that he can "represent his trust."  Pl.'s Opp'n to Mot. to Dismiss at 4.  Moreover, Plaintiff filed his petition as "George McCalip, Trustee."  See Restatement (Second) of Judgments § 36 (1982) ("A person appearing in a representative or official capacity is ordinarily so designated in the caption's identification of parties.").  Furthermore, plaintiff has no rights as an individual in this case.  The summons in this matter was served on Wells Fargo and related exclusively to the income tax liability of the Trust.  Pl.'s Ex. 1 at 2 (filed Apr. 30, 2008).  Therefore, if plaintiff is suing in his individual capacity, he has no standing to challenge the summons.

### B.    Defendant Lee is Immune from Suit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**                        **JS-6**

| Case No. | CV 07-6571 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|

| Title | George McCalip, Trustee v. Susan Lee, Revenue Agent, et al. |
|---|---|

Plaintiff argues that he brought his <u>Bivens</u>[1] claim against defendant Lee in her individual capacity because she issued an improper summons and was therefore acting outside of her authority as an IRS agent. Pl.'s Opp'n to Mot. to Dismiss at 10.  However, "<u>Bivens</u> relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes."  <u>Adams v. Johnson</u>, 355 F.3d 1179, 1185 (9th Cir. 2004).  Defendant Lee was clearly attempting to assess a tax when she served the summons on Wells Fargo.  Furthermore, plaintiff's suit is specifically barred by the Anti-Injunction Act which provides that "no suit for the purpose of restraining the assessment and collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a).  Plaintiff's argument that his request is not being made for the purpose of restraining enforcement of the tax laws is unpersuasive.  Plaintiff's attempt to prevent defendant Lee from issuing the summons is clearly an attempt to restrain enforcement of the tax laws.

## IV.    CONCLUSION

In accordance with the foregoing the Court GRANTS defendant Lee's motion to dismiss without leave to amend. Given that defendant Lee is immune from suit, leave to amend would be futile and would not cure the deficiency.  Plaintiff's petition to quash summonses, demand for a bill of particulars, request for injunction, and claim for personal damages are thereby DENIED.

The Court further DENIES plaintiff's motion to alter or amend judgment entered 15 May 2008 as moot.

IT IS SO ORDERED.

| 00 | : | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |

---

[1]<u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).